**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BILLY COLLINS and LaQUILA HILL-COLLINS,<br><br>       Plaintiffs,<br>  v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION and NOVARTIS AG, et al.,<br><br>       Defendants. | **OPINION**<br><br>Civ. No. 2:13-cv-02363 (WHW) (CLW) |
| GARY DAVIDSON and LINDA E. DAVIDSON,<br><br>       Plaintiffs,<br>  v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION and NOVARTIS AG, et al.,<br><br>       Defendants. | Civ. No. 2:13-cv-02364 (WHW) (CLW) |
| DOTTIE DODSON,<br><br>       Plaintiff,<br>  v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION and NOVARTIS AG, et al.,<br><br>       Defendants. | Civ. No. 2:13-cv-02365 (WHW) (CLW) |

**NOT FOR PUBLICATION**

| | |
|---|---|
| MARY CROCKER,<br><br>             Plaintiff,<br>      v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION and NOVARTIS AG, et al.,<br><br>             Defendants. | Civ. No. 2:13-cv-05938 (WHW) (CLW) |
| KENNETH BORCIA and JOAN BORCIA,<br><br>             Plaintiffs,<br>      v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION and NOVARTIS AG, et al.,<br><br>             Defendants. | Civ. No. 2:13-cv-06545 (WHW) (CLW) |
| CARL CAVITT and KATHRYN CAVITT,<br><br>             Plaintiffs,<br>      v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION and NOVARTIS AG, et al.,<br><br>             Defendants. | Civ. No. 2:13-cv-06551 (WHW) (CLW) |
| SEAN MARTIN and RENEL MARTIN,<br><br>             Plaintiffs,<br>      v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION and NOVARTIS AG, et al.,<br><br>             Defendants. | Civ. No. 2:13-cv-06553 (WHW) (CLW) |

**NOT FOR PUBLICATION**

| | |
|---|---|
| NELLA RHEA SAMMONS and SHARDEN SAMMONS,<br><br>                    Plaintiffs,<br>          v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, et al.,<br><br>                    Defendants. | Civ. No. 2:13-cv-06554 (WHW) (CLW) |
| TRACY FASTENAU,<br><br>                    Plaintiff,<br>          v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, et al.,<br><br>                    Defendants. | Civ. No. 2:13-cv-07073 (WHW) (CLW) |
| LONNIE R. SHIRES, III and LINDA G. SHIRES,<br><br>                    Plaintiffs,<br>          v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, et al.,<br><br>                    Defendants. | Civ. No. 2:13-cv-07074 (WHW) (CLW) |

**Walls, Senior District Judge**

Defendant Novartis Pharmaceuticals Corporation ("Novartis") moves to transfer the ten above-captioned cases to other district courts. This motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is denied.

3

**NOT FOR PUBLICATION**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs in the ten above-captioned cases allege that they were injured by taking Novartis's Tekturna® or Valturna® medications for high blood pressure. Plaintiffs do not reside in New Jersey, but all brought their actions in New Jersey Superior Court. Novartis removed each case to this Court based on the parties' diversity of citizenship. On October 2, 2014, Magistrate Judge Waldor consolidated Plaintiffs' cases, along with two others, for pre-trial discovery. Order for Consolidation, ECF No. 31. Novartis now moves under 28 U.S.C. § 1404(a) to transfer the cases to Plaintiffs' home districts:

| Plaintiff(s) | Proposed Transferee Court |
| --- | --- |
| Billy Collins and Laquila Hill-Collins | Eastern District of Texas |
| Gary Davidson and Linda E. Davidson | Northern District of Alabama |
| Dottie Dodson | Northern District of Ohio |
| Mary Crocker | Eastern District of Virginia |
| Kenneth Borcia and Joan Borcia | Northern District of Illinois |
| Carl Cavitt and Kathryn Cavitt | Central District of Illinois |
| Sean Martin and Renel Martin | Western District of Louisiana |
| Nella Rhea Sammons and Sharden Sammons | Southern District of West Virginia |
| Tracy Fastenau | District of Arizona |
| Lonnie R. Shires, III and Linda G. Shires | Southern District of West Virginia |

## STANDARD OF REVIEW

Section 1404(a) permits district courts to transfer civil actions for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Transfer is restricted, however, to "any other district or division where [the case] might have been brought." *Id.* The statute's purpose is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). The party seeking transfer of venue bears

the burden of establishing that adequate facts exist to make transfer warranted. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973).

The decision to transfer a case is in the district court's discretion. *Id.* at 756. The Third Circuit has divided relevant factors for courts to consider into two categories: the private interests of the parties and the public's interest in the fair and efficient administration of justice. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). Private interests include the plaintiff's choice of forum, the defendant's forum preference, whether the claim arose elsewhere, convenience of the parties in light of their financial and physical condition, availability of witnesses in each forum, and the location of books and records. *Id.* at 879. Public interests include the enforceability of the judgment; practical considerations that would make the trial easy, expeditious, or inexpensive; court congestion; the local interest in deciding the controversy; the public policies of the fora; and familiarity of the district court with applicable law. *Id.* at 879-80. Despite this list of relevant factors, the transfer analysis is meant to be "flexible and individualized" for each case. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988).

## DISCUSSION

### 1. Jurisdiction in Proposed Transferee Courts

The threshold question under Section 1404(a) is whether Plaintiffs could have brought these cases in the districts to which Novartis seeks to transfer them. 28 U.S.C. § 1404(a). It is not disputed that Plaintiffs could have done so. They would have invoked diversity jurisdiction in the proposed transferee courts and obtained personal jurisdiction over Novartis under state long-arm statutes by virtue of Novartis's commerce in each state. Def.'s Answer ¶ 6, No. 2:13-cv-02363, ECF No. 5 (acknowledging that Novartis "distributes Tekturna in all fifty states in the United States"). Nor is it disputed that venue would have been proper. *See* 28 U.S.C. § 1391(b)(2) (venue

**NOT FOR PUBLICATION**

is proper in any district where "a substantial part of the events . . . giving rise to the claim occurred"); *see also* 28 U.S.C. § 1391(b)(1) (venue is proper in any district where a defendant resides) and 28 U.S.C. § 1391(d) (a corporate defendant resides in any district where it is subject to personal jurisdiction). Because there is no dispute that Plaintiffs could have brought these cases in the proposed transferee courts, the Court will evaluate the private and public interests at stake to decide if transfer is appropriate.

    **2. Private Interests**

Taken together, the private interests of the parties do not weigh in favor of transfer.

    a. <u>Parties' Choice of Forum and Where the Claims Arose</u>

In this circuit, a plaintiff's choice of forum is a paramount consideration in a transfer analysis, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), which "should not be lightly disturbed." *Jumara*, 55 F.3d at 879. Judges in the District of New Jersey have, however, accorded less weight to a plaintiff's decision to litigate here when New Jersey is not their home state and when the central facts of their case occurred outside of New Jersey. *Melone v. Boeing Co.*, No. 2:07-CV-1192 (DMC), 2008 WL 877974, *2 (D.N.J. Mar. 28, 2008); *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d 320, 323-24 (D.N.J. 1998).

Novartis argues that Plaintiffs' forum choice does not deserve the customary deference because Plaintiffs have "no connection" with New Jersey and because "the facts giving rise to Plaintiffs' claims arose in other states." Def.'s Mem. in Supp. Mot. to Transfer ("Def.'s Mem.") 1-3, ECF No. 23-1. Novartis lists "the prescription and use of the allegedly defective medications" and "the treatment of the Plaintiffs and their alleged injuries" as central facts that occurred outside of New Jersey. *Id.* at 2. Plaintiffs counter that this "argument ignores the fact that Novartis—the company who designed, manufactured, labeled, promoted, and sold the subject Tekturna and

Valturna—is located in New Jersey" and that "a significant portion of each Plaintiffs' [*sic*] Complaint relates to the conduct which occurred in New Jersey, including claims related to liability, deception, and fraudulent conduct." Pl.'s Opp. 6-8, ECF No. 27.

While some courts in this district have agreed with Novartis that the location of a product's consumption determines where a resulting product liability claim arises, *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d at 326, others have held that the location of a product's development, testing, and marketing is similarly significant. *Yocham*, 565 F. Supp. 2d 554, 559 (D.N.J. 2008). Novartis is headquartered in New Jersey and has admitted "that it designed, developed, tested, packaged, labeled, advertised, distributed and sold Tekturna." Def.'s Mem. 7; Def.'s Answer ¶¶ 9, 11, No. 13-cv-02363, ECF No. 5. Additionally, Plaintiffs' complaints are not limited to their product liability claims. Plaintiffs also allege that Novartis is liable for negligent and fraudulent conduct, which Plaintiffs contend took place in New Jersey. Pl.'s Opp. 8. Although Plaintiffs are out-of-state residents and some facts relevant to their cases occurred in their home states, Novartis's corporate activity gives Plaintiffs' claims a factual nexus to New Jersey, too. These cases have ties to this state, and as such the Court sees fit to give customary deference to Plaintiffs' choice of forum.

      b.   Convenience and Availability of Witnesses

Novartis argues that the potential unavailability of trial witnesses in the District of New Jersey favors transfer. Def.'s Mem. 7-10. Novartis contends that the "overwhelming majority" of "critical witnesses" are located in Plaintiffs' home states and outside the 100-mile range of this Court's subpoena power. Def.'s Mem. 7-8, 10; Fed. R. Civ. P. 45(c). Plaintiffs respond that Novartis only assumes that physicians and other non-party witnesses will be unavailable and notes that "numerous corporate witnesses" are located in New Jersey. Pl.'s Opp. 10-11.

**NOT FOR PUBLICATION**

The convenience of the forum for witnesses and those witnesses' amenability to compulsory process are relevant factors for the Court to consider. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973). The convenience of witnesses, however, is only considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879.

Novartis is correct to identify potential witness unavailability and the Court's inability to subpoena out-of-state witness testimony as an issue, but the Court finds this factor insufficient to tip the scales in favor of transfer for several reasons. First, as Plaintiffs argue, Novartis assumes rather than substantiates that critical witnesses will be absent at trial. Novartis provides no evidence that necessary witnesses will be unwilling or otherwise unavailable to testify in New Jersey, nor does it provide any names of important witnesses facing significant travel requirements or other restraints. *See Yocham*, 565 F. Supp. 2d at 559. Second, transferring these cases to Plaintiffs' home states may put other necessary witnesses outside of subpoena range, such as former Novartis employees or other non-party witnesses who were involved with the development of Tekturna® or Valturna®. Fed. R. Civ. P. 45(c). Without evidence from Novartis supporting its claim that critical witnesses will be unwilling or unavailable to testify in New Jersey, the Court does not find sufficient basis to favor transfer on this ground.

    c. <u>Convenience of Parties and Location of Records</u>

The convenience of the forum for the parties themselves is a neutral factor. Plaintiffs, though out-of-state, have selected this forum. As the home of Novartis' corporate headquarters, it will be convenient for Novartis. The location of books and records is also a neutral factor, as they can be easily replicated and produced wherever trial is held.

**NOT FOR PUBLICATION**

### 3. Public Interests

The relevant public interests weigh against transfer at this stage of the litigation.

#### a. Public Policy and Practical Considerations

Public policy strongly discourages duplicative litigation. The Supreme Court has instructed that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). The Court also takes account of "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. If related cases are kept in the same forum, "pretrial discovery may be conducted more efficiently, witnesses' time may be conserved, public and parties' litigation expenses may be reduced, and inconsistent results can be avoided." *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 339 (D.N.J. 2003).

Plaintiffs' ten complaints against Novartis are almost identical and the cases have been consolidated for discovery. By granting Novartis's motion to transfer, this Court would be assigning duplicative discovery processes to nine different courts. The public's interest in judicial economy and in making trials easy, expeditious, and inexpensive strongly disfavors transfer at this stage of the litigation. After discovery is completed, the public interest in judicial economy may not impede transfer to the same degree. At this point, however, transferring Plaintiffs' cases would produce significant waste.

#### b. Familiarity with Applicable Law

Novartis contends that transfer is appropriate because this Court would "likely apply the substantive law of each plaintiff's home state" in these cases and transfer would allow "local courts

**NOT FOR PUBLICATION**

[to] apply the local law" instead of this Court. Def.'s Mem. 13. Plaintiffs respond that this Court is capable of applying other states' laws "in the rare event they arise." Pl.'s Opp. 15.

In a diversity case, a federal court applies the choice-of-law rules of the state in which it sits. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941). New Jersey applies a two-step test: first checking for an "actual conflict" and, second, determining which state has the "most significant relationship" to the litigation. *P.V. v. Camp Jaycee*, 197 N.J. 132, 142-44 (2008). In order to determine which state's law will apply to each of Plaintiffs' cases, the Court will have to conduct a detailed choice-of-law analysis as to each cause of action in each complaint. Although Novartis asserts that the law of each Plaintiff's home state will "likely" apply, Def.'s Mem. 13, the parties have not briefed the choice of law issues and the Court declines to resolve them summarily. Because the Court has not yet determined the applicable law in these cases, this factor weighs neither for nor against transfer.

   c. <u>Other Public Interests</u>

The other public interests commonly considered are relative court congestion, the local interest in deciding the controversy, and the enforceability of the judgment. The Court finds all of these factors neutral or insubstantial.

Novartis indicates that the average time to trial is higher in the District of New Jersey than in the proposed transferee district courts. Def.'s Mem. 12. Novartis also points out that the number of cases per judge is higher in the District of New Jersey than in all but two of the proposed transferee districts. *Id.* While these numbers suggest there is a greater workload in the District of New Jersey, the disparity does not justify burdening those courts with duplicative discovery processes just to lighten the caseload in the District of New Jersey.

**NOT FOR PUBLICATION**

The Court also finds that there is sufficient local interest in deciding this controversy in New Jersey. New Jersey has an interest in adjudicating disputes involving products sold by its home-state businesses. *See U.S. Mineral Products Co. v. T-Mar Const., Inc.*, No. 09-cv-5895 (SRC), 2010 WL 703190, at *4 (D.N.J. Feb. 23, 2010). Finally, any judgment will be equally enforceable whether rendered by this district court or the proposed transferee courts.

## CONCLUSION

Novartis's motion to transfer Plaintiffs' cases is denied. The cases will remain consolidated for the purposes of discovery only. An appropriate order follows.

Date: November 19, 2014

**/s/ William H. Walls**
United States Senior District Judge
